IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| DANIEL ROBERT WHITE | § | |
| VS. | § | CIVIL ACTION NO. 1:08cv257 |
| RICHARD MCCOWN, ET AL. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Daniel Robert White, an inmate confined at the Federal Correctional Institution in El Reno, Oklahoma, proceeding *pro se*, brings this civil rights action against Richard McCown, David McNeely, Chris Ungles, and other persons not named.

### Factual Background

On June 20, 2005, plaintiff claims a vehicle in which he was a passenger was stopped by defendant Ungles, a deputy for the Liberty County Sheriff's Department. Plaintiff claims Ungles required him to produce photo identification which he could not do. Plaintiff states Ungles then detained him unreasonably.

According to plaintiff, Deputy Ungles then summoned defendants McCown and McNeely to the location of the traffic stop, and the three defendants subjected him to an unreasonable detention "based, in part or in whole, on plaintiff's inability to produce photo identification." Plaintiff claims his detention by the defendants violated his Fourth Amendment rights.

### The Defendants' Motion for Summary Judgment

Defendants Richard McCown and Chris Ungles have filed a motion for summary judgment (docket entry no. 12). The defendants assert plaintiff's complaint is barred by the applicable statute of limitations.

<u>Standard of Review</u>

Pursuant to 28 U.S.C. § 1915A, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.

A complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Geiger v. Jowers,* 404 F.3d 371, 373 (5th Cir.2005); *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir.1997). A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory. *See Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir.1997). A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless*. Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

A complaint fails to state a claim upon which relief may be granted if the factual allegations are not sufficient to raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007). Dismissal for failure to state a claim is appropriate when the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Id*, 127 S.Ct. at 1974. Plaintiffs must state enough facts to "nudge[] their claims across the line from conceivable to plausible." *Id.*

In considering whether to dismiss a complaint for failing to state a claim upon which relief may be granted, all factual allegations in the complaint must be taken as true and construed favorably to the plaintiff. *Fernandez-Montes v. Allied Pilots Assoc*., 987 F.2d 278, 284 (5th Cir.

1993). However, conclusory allegations will not suffice to prevent dismissal for failure to state a claim. *Id.*

*Summary Judgment*

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c). A fact is material if it could affect the outcome of the case under the governing law. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Instone Travel Tech Marine & Offshore v. International Shipping Partners*, 334 F.3d 423, 427 (5th Cir. 2003). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248; *Instone Travel Tech*, 334 F.3d at 427.

The party seeking summary judgment carries the initial burden of demonstrating that there is an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003). After a proper motion for summary judgment is made, the non-movant must set forth specific facts showing that there is a genuine issue for trial. FED.R.CIV.P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003).

Because summary judgment is a final adjudication on the merits, courts must employ the device cautiously. *Hulsey v. State of Texas*, 929 F.2d 168, 170 (5th Cir. 1991); *Jackson v. Procunier,* 789 F.2d 307 (5th Cir. 1986). In prisoner *pro se* cases, courts must be careful to

3

"guard against premature truncation of legitimate lawsuits merely because of unskilled presentations." *Jackson v. Cain*, 864 F.2d 1235, 1241 (5th Cir. 1989) (*quoting Murrell v. Bennett*, 615 F.2d 306, 311 (5th Cir. 1980)).

## Analysis

*Elements of a Cause of Action under 42 U.S.C. § 1983*

Title 42 U.S.C. § 1983 authorizes a suit in equity, or other proper proceeding for redressing violations of the Constitution and federal law by those acting under color of state law. *See Nelson v. Campbell*, 541 U.S. 637, 643 (2004); *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). It provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured ....

42 U.S.C. § 1983.

*Limitations*

The limitations period for a claim brought under section 1983 is determined by the general statute of limitations governing personal injuries in the forum state. *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir.2001). The statute of limitations on a § 1983 action in Texas is two years. *Price v. City of San Antonio*, 431 F.3d 890, 892 (5th Cir.2005); Tex. Civ. Prac. & Rem. Code Ann. § 16.003 (Vernon 2005). The limitations period begins to run when the plaintiff knows or has reason to know of the injury. *Pete v. Metcalfe*, 8 F.3d 214, 217 (5th Cir. 1993).

In the instant case, plaintiff clearly knew or had reason to know of his claims in June 30, 2005, at the time of the traffic stop which resulted in his detention. As the complaint was not

filed until April 23, 2008, plaintiff's claims are barred by the applicable statute of limitations.[1]

Accordingly, plaintiff's complaint fails to state a claim upon which relief may be granted. Thus, the defendants' motion for summary judgment should be granted, and plaintiff's claims against the remaining defendants should be dismissed pursuant to 42 U.S.C. § 1915A.

ORDER

For the reasons set forth above, the above-styled action should be dismissed. It is therefore

**ORDERED** that the defendants' motion for summary judgment is **GRANTED.** It is further

**ORDERED** that plaintiff's claims against all remaining defendants are **DISMISSED** pursuant to 42 U.S.C. § 1915A for failing to state a claim upon which relief may be granted.

A final judgment will be entered in this case in accordance with this order.

**SIGNED** this the 19 day of **August, 2009.**

Thad Heartfield
United States District Judge

---

[1] A prisoner's complaint is deemed filed as of the date it was delivered to prison authorities for forwarding to the court. *Cooper v. Brookshire*, 70 F.3d 377, 381 (5th Cir. 1995). For the purposes of this report, the court will assume plaintiff's complaint was delivered to prison officials on the same date his cover letter was executed, April 23, 2008.